STONE ET AL
vs.
CARTER.

STONE ET AL. vs. CARTER.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The 377th article of the *Code of Practice*, requires of the original plaintiff, an answer only, when the defendant institutes against him a separate and distinct action in the same court, and in such a case, the article provides that he shall not plead his non-residence to its jurisdiction.

Where the plaintiff had examined a witness, informed the court that he had closed his evidence, and [the defendant had discharged one of his witnesses and read several depositions, *held* that the plaintiff might introduce another witness.

On a motion for a new trial on the ground of newly discovered evidence, the affidavit of the truth of the facts alleged, must be annexed to and filed with the motion.

If a vessel is anchored in a part of the port from which the law excludes her, another one is not thereby authorised to neglect the necessary precaution, to avoid coming in contact with the former.

The brig Julia, owned by the plaintiffs, laden and ready for sea, was anchored opposite to the steamboat landing, in the port of New-Orleans. At about eight o'clock in the evening, when her usual lights were hung out, the defendant's steamboat Volant came in contact with, and so much injured the brig, that she was compelled to unload her cargo and undergo expensive repairs. To recover the damage sustained by the owners of the brig, they brought this action.

The defendant pleaded the general issue, and claimed in reconvention, damages sustained by the steamboat, in consequence of the brig being anchored in that part of the river.

Judgment was rendered for the plaintiffs, and the defendant appealed.

The opinion of the court, MATHEWS, J. absent, was delivered by MARTIN, J.

Eastern Dis.
May, 1833.

STONE ET AL.
vs.
CARTER.

The defendant is appellant from a judgment, which condemned him to pay the damages (alleged by the plaintiffs) to have been sustained by them, on account of a steamboat commanded by the defendant, having through his negligence and want of skill, run foul of their brig.

His counsel has drawn our attention to two bills of exceptions.

The first is, to the opinion of the court who ordered the trial of the cause, notwithstanding his opposition on the ground, that it had been irregularly set down for trial, an issue not being formed on every part of the pleadings; as a demand in reconvention still remained without an answer or judgment by default being taken thereon.

His counsel has urged that the *Code of Practice*, 377, expressly provides, that the original plaintiff is bound to answer the demand in reconvention, and if there be any decisions of this court, which appear to dispense with this answer, they are anterior to the Code.

In the case of *Price* vs. *Millar*, 3 *Martin*, *N. S.* 363, the defendant objected to the plaintiff availing himself of an exception to the demand in reconvention, on the ground that he had not pleaded it. We said "our statutes, which regulate the mode litigants should pursue, on bringing their respective allegations before courts of justice, provide only for petitions and answers, and direct trial on them alone; the circumstance of matter being pleaded in avoidance has never been considered as offering an exception to this rule, and experience has satisfied us, that notwithstanding this mode of practice has sometimes enabled a party to surprise another, this inconvenience is nothing in comparison of that which would result from entangling suitors in the mazes of special pleading, and that the remedy by a new trial, affords sufficient relief to the surprised party."

This was indeed before the *Code of Practice*, but an examination of the *whole* article, *partially* quoted, has satisfied us that it has wrought no change in the anterior practice. This article offers to the original defendant, two distinct modes of placing his demand in reconvention before the court. He

HARVARD LAW SCHOOL LIBRARY

57

EESTERN DIS.
May, 1833.

STONE ET AL.
vs.
CARTER.

The 377th article of the *Code of Practice*, requires of the original plaintiff an answer only when the defendant institutes against him a separate and distinct action in the same court, and in such a case, the article provides that he shall not plead his non-residence to its jurisdiction.

may plead it as an exception in his answer, or he may *institute* a separate and distinct demand in the court in which he is sued. It is to this separate and distinct demand, which we understand the Code to require the original plaintiff to answer, without pleading to the jurisdiction of the court, that he is not domiciliated within its resort.

The same doctrine was recognised by this court, after the promulgation of the *Code of Practice*, in the case of *Suarez* vs. *Duralde*, 1 *La. Rep.* 166, where we held that it was recognised in that statute, which authorises the defendant to allege new facts in his answer, and to make an *incidental demand*, 328, in which case, they shall be considered or denied by the plaintiffs.

In the present case, the answer denies the want of the exercise of diligence and skill by the defendants, and avers that he is entitled to claim damages for the injury sustained in the steamboat, on the shock between her and the plaintiffs' brig, which was occasioned by the want of proper diligence and skill in the marks of the brig.

On this part of the case, we are of opinion, the District Court did not err in ordering the cause to be tried, although there was no answer to the reconvention.

The second bill of exceptions was taken to the examination of a witness of the plaintiffs, after their counsel had stated to the court, that he had closed his evidence, and after the defendant had discharged one of his witnesses and had read some depositions. The judge informs us that a subpœna had issued for this witness, who was not served therewith, but came into court before the defendant's counsel had closed his evidence.

The counsel of the defendant has contended, that although the opinion of the District Court may be supported by our decisions before the *Code of Practice*; that statute, 477, has a provision, with which these decisions are irreconcilable.

In the case of *Richardson* vs. *Duboys and al.*, 4 *Martin*, 129, at the January term of this court, in 1826, after the promulgation of this *Code of Practice*, we held that the lower court did not err in examining a witness who had been attached,

EASTERN DIS.
*May*, 1833.

STONE ET AL.
*vs.*
CARTER

and who did not come into court until the evidence was closed on both sides. He had been summoned and attached by the defendant, and was offered by the plaintiffs. Although our decision took place after the promulgation of the Code, it is more than probable, the opinion of the lower court we examined, had been pronounced, before the promulgation of the *Code of Practice.*

That statute provides, that after the defendant has supported his defence by evidence, "the plaintiff may bring additional, or his former witnesses, to rebut the defendant's testimony, or to lessen its weight."

A posterior article, 484, provides, that "after both parties have produced their respective evidence, the argument commences, no witness then can be heard nor proof introduced, except with the consent of both parties."

The counsel of the defendant has contended, that the first of these articles authorising the plaintiff after the defendant has closed his evidence to introduce additional or his former witnesses, to rebut or lessen the weight of the defendant's evidence, is an affirmative provision, pregnant with the negative one, that the plaintiff shall not, at that period, introduce his former or additional witnesses, to *support* his demand, or in other words, his own evidence.

When the evidence of the defendant outweighs that of the plaintiff, its weight, *i. e.* its relative weight, may be lessened by taking some part of it therefrom, or by adding to that in the opposite scale. Every thing that supports a party's evidence, lessens, in the scale of justice, the weight of that of his adversary.

The article last cited, fixing the period at which no evidence can be received without the consent of both parties, is pregnant with the affirmative, that before that period arrives, the court may exercise its discretion.

In the case before us, it does not appear that the defendant's evidence was closed. We are, indeed, told, he had discharged a witness and read several depositions; *non constat* that he had no other witness to examine nor other depositions or any documents to read.

Where the plaintiff had examined a witness, informed the court that he had closed his evidence, and the defendant had discharged one of his witnesses and read several depositions, *held* that the plaintiff might introduce another witness.

STONE ET·AL.
*vs.*
CARTER.

We, therefore, conclude, the district judge did not err in permitting the plaintiff to examine his witness.

Lastly, the defendant's counsel has urged the District Court erred in declining to act on his motion for a new trial, on the ground of newly discovered evidence, because he had not in making it, filed the affidavit, which alone could authorise its reception.

The motion was made on the 13th of March, for a rule to show cause on the 16th; no affidavit was made or filed with the motion; but one was made and put on the file of the court on the return day.

The *Code of Practice*, 561, says, "if a new trial be prayed on account of newly discovered evidence, the party must, *on filing his motion*, annex to the same, his affidavit of the facts alleged in proof of his having discovered evidence material to his suit since the judgment, although he had used every diligence and effort in his power, to procure the necessary testimony. This affidavit must be filed on the record, in order that the adverse party may have communication of the same."

On a motion for a new trial on the ground of newly discovered evidence, the affidavit of the truth of the facts alleged, must be annexed to, and filed with the motion.

The intention of the legislature is frustrated when the party makes no affidavit, or when made, delays to enable his adversary to take communication of it, till the argument on return day. The law requires the affidavit to be annexed to and filed with the motion.

We, therefore, conclude, the District Court did not err in this respect.

⸱ On the merits, the counsel for the defendant has partly rested his defence on the circumstance of the brig at the time of the shock, being anchored in a part of the port of New-Orleans, exclusively appropriated for the anchorage of steamboats, by an ordinance of the Corporation of the city of New-Orleans, and of the 23d of February, 1827, an act of assembly, by which the extent of the port includes the whole width of the Mississippi. The counsel of the plaintiffs has called to his aid, several acts of congress, particularly that authorising the people of the territory of Orleans, to form a constitution, and for the admission of Louisiana as a state in

the union, by which the free use of the Mississippi is reserved to the people of the several states.

The circumstance of a vessel being anchored in a part of the port, from which the laws of the state and the ordinances of the corporation may exclude her, may authorise means to have her removed, or render her owner or master, obnoxious to penalties, but cannot authorise or justify the neglect of those precautions which people on board of other vessels are bound to take, in order to avoid running foul of her.

On the question of fact, it does not appear to us that the conclusion the District Court came to, demands our reversal of its judgment.

It is, therefore, ordered, adjudged, and decreed, that it be affirmed with costs. .

*Preston*, for appellant.   *Strawbridge, contra.*

<div style="float:right">

EASTERN DIS.
May, 1833.

